The Honorable Claud Cash State Senator 1301 Thrush Jonesboro, AR 72401
Dear Senator Cash:
You have presented the following question for my opinion:
 What are reasonable fees for photocopies provided in response to a request made pursuant to A.C.A. § 25-19-109 of the Freedom of Information Act (which deals with special requests for electronic records)?
RESPONSE
It is my opinion that the answer to this question must be determined on a case-by-case basis, and will be determined by the actual cost of complying with the request.
The particular section of the Arkansas Freedom of Information Act (FOIA) that is referenced in your question was added to the Act in the 2001 session of the General Assembly. The new statutory language states:
 (a)(1) A custodian, at his or her discretion, may agree to summarize, compile, or tailor electronic data in a particular manner or medium and may agree to provide the data in an electronic format to which it is not readily convertible.
 (2) Where the cost and time involved in complying with the requests are relatively minimal, custodians should agree to provide the data as requested.
 (b)(1) If the custodian agrees to a request, the custodian may charge the actual, verifiable costs of personnel time exceeding two (2) hours associated with the tasks, in addition to copying costs authorized by § 25-19-105(d)(3).
 (2) The charge for personnel time shall not exceed the salary of the lowest paid employee or contractor who, in the discretion of the custodian, has the necessary skill and training to respond to the request.
 (c) The custodian shall provide an itemized breakdown of charges under subsection (b) of this section.
A.C.A. § 25-19-109.
The above-quoted addition to the FOIA addresses situations in which a request has been presented for electronic data. This provision permits (and indeed, appears to encourage) the custodian of the records, at his or her discretion, to compile, tailor, or summarize requested electronic data in an electronic format to which it is not readily convertible. (This is an exception to the generally applicable principle that custodians of records are not required to compile data or create new records. See A.C.A. § 25-19-105(d)(2)(C).) This new provision recognizes the advent of technology that can accommodate requests for information in non-traditional formats. The primary change that this section brings about in connection with copy charges is that it permits the custodian in such situations to impose charges for the personnel time that is required to comply with such requests. (Again, this is a departure from the generally applicable principle that custodians may not charge for the personnel time that is required to comply with a request for records in a traditional format. A.C.A. § 25-19-105(d)(3)(A)(i).) The new section permits custodians to charge the "actual, verifiable costs" of any personnel time exceeding two hours that is required to comply with the request. The charge may not exceed the salary of the lowest paid employee (or contractor) who has the necessary skill to comply with the request. In addition, the custodian must provide a breakdown of such charges.
The question of how much may be charged under this new section of the FOIA is a question of fact that will inherently vary from case to case, because the "actual, verifiable costs" will inherently vary from case to case.
It should be noted that the charges that may be imposed for personnel time pursuant to A.C.A. § 25-19-109, above, are in addition to the charges that may be imposed for the copies themselves. That charge is addressed in § 25-19-105(d)(3) of the FOIA, which states:
 (3)(A)(i) Except as provided in § 25-19-109 or by law, any fee for copies shall not exceed the actual costs of reproduction, including the costs of the medium of reproduction, supplies, equipment, and maintenance, but not including existing agency personnel time associated with searching for, retrieving, reviewing, or copying the records.
 (ii) The custodian may also charge the actual costs of mailing or transmitting the record by facsimile or other electronic means.
 (iii) If the estimated fee exceeds twenty-five dollars ($25.00), the custodian may require the requestor to pay that fee in advance.
 (iv) Copies may be furnished without charge or at a reduced charge if the custodian determines that the records have been requested primarily for noncommercial purposes and that waiver or reduction of the fee is in the public interest.
 (B) The custodian shall provide an itemized breakdown of charges under paragraphs (A) and (B).
A.C.A. § 25-19-105(d)(3).
Like the charges for personnel time under A.C.A. § 25-19-109, the copy charges that may be imposed pursuant to A.C.A. § 25-19-105(d)(3) will vary from case to case, because they are required to be determined by the "actual costs" of making the copies, which depends upon the particular nature of the request.
Accordingly, I must conclude that the amount that can be charged for complying with a FOIA request that is presented under the authority of A.C.A. § 25-19-109 is a question of fact that will depend upon the actual cost of complying with each such request.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General